# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOHN ROBERT DEMOS, JR., )
                         )
            Plaintiff, )
                         )
v. ) No. CIV-10-76-FHS
                         )
THE UNITED STATES OF AMERICA, )
                         )
et. al., )
                         )
            Defendants. )

## ORDER

Plaintiff, John Robert Demos, Jr., moved the court for leave to proceed *in forma pauperis* on his admiralty complaint against the above-named defendants. On March 9, 2010, plaintiff was granted leave to proceed *in forma pauperis*.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious  28 U.S.C. § 1915(e)(2)(B)(I). Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke 490 U.S. at 324.

1

A court may dismiss an *in forma pauperis* suit if "it lacks an arguable basis either in law or in fact." Id. at 325. With respect to factual frivolousness, courts are authorized to dismiss such suits "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' Jolly v. Klein, 923 F.Supp. 931, 942 (S.D. Tex. 1996)(quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). To sustain a dismissal for frivolousness, the facts must "rise to the level of the irrational or the wholly incredible." Jolly, 923 F.Supp. at 942. Dismissal is not warranted "simply because the Court finds the Plaintiff's allegations unlikely." Id. at 942-43.

In his admiralty complaint, Plaintiff attempts to assert a claim for breach of contract. However, the complaint discusses the dangers he was submitted to on the high seas. Plaintiff lists some ten defendants including the President of the United States, the Maritime Association and The American Federation of State, County and Municipal Employees. Plaintiff brings this action under the authority of 371 U.S. 178; 889 F.2d 108; 917 F.2d 768; 764 F. Supp. 738; 858 F.2d 467; 792 F. Supp. 173; Federal Rule of Civil Procedure 15 ( c). Plaintiff also requests this court to invoke its "(3) Jurisdictions in this matter, which are (1) In Rem; (2) Quasi In Rem; (3) In Personam." He also states such random thoughts as "The Doctrine of Forum Non Conveniens is inapplicable in this action, as the United States Constitution follows the law of the flag." As to damages, Plaintiff merely states "The amount in controversy is substantial" and "I seek any and all relief that is in the power of the United States Admiralty Court to impose." He also states that "I throw myself upon the Justice of the United States District Court."

Plaintiff's complaint is a rambling and often incoherent

rendition of a story concerning problems he apparently had aboard some unnamed ship. Some of his complaint is in a question and answer format. A representative sample of the bizarre nature of the allegations of Plaintiff's complaint follows:

> 1. "Why an I suing the above named individuals? I am suing for "breach of contract"....The contracts that were breached pertain to maritime navigation and or commerce. The contracts that I entered into with the defendants were "oral", as well as written.  The contracts pertained to surety ship, guaranty, and indemnity.  The contracts related to cargo & passengers, and to marine insurance, the contract related to a particular vessel that I was a passenger aboard."
>
> 2. "Questions Presented: "Will the Admiralty Court Require greater particularity for arrest, attachment and forfeiture claims?"
>
> 3. "I named all of the 15 presidential cabinet officers in this admiralty complaint as they all played a role in this claim."
>
> 4. "The above named defendants in this action all took an oath to support, and defend the U.S. Constitution.  Per the U.S. Constitution, I have a rightto "safe travel" on the highways, and waterways: The defendants are liable to the plaintiff, based upon the following: failure to protect, failure to warn of the dangers, and failure to correct the deficiency or dangers:"

The court concludes these allegations, as well as the balance of the allegations contained in Plaintiff's complaint, authorize the court to dismiss Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). The complaint is devoid of any factual data linking Defendants to Plaintiff's perceived breach of contract, much less to any recognizable legal theory of recovery. Plaintiff's complaint is nothing more than a bizarre and irrational rambling concerning a trip on a boat on which he became sea sick. Whether viewed as a whole or individually as to the specifically

pled legal theories, Plaintiff's complaint is "clearly baseless" in the sense that the allegations are fanciful, fantastic, and delusional. <u>Jolly</u>, 923 F.Supp. 942. Consequently, the court is compelled to dismiss this action as frivolous.

Based on the foregoing reasons, the court finds Plaintiff's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, the court orders this action be dismissed in its entirety.

**IT IS SO ORDERED** this 14th, day of April 2010.

Frank H. Seay
United States District Judge